IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Arts Academy Charter School, :
 :
   Appellant :
 :
   v. : No. 447 C.D. 2017
 : Argued: December 4, 2017
Board of Directors of Reading School :
District :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK       FILED: January 19, 2018


   Berks Arts Academy Charter School (BAACS) appeals from the March 10, 2017 order of the Court of Common Pleas of Berks County (trial court) granting the motion for summary judgment filed by the Board of Directors of the Reading School District (District) and dismissing BAACS' petition for a determination of sufficiency, filed under Section 1717-A(i)(2) of the Charter School Law (CSL).[1]  We affirm.

---

   [1] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §17-1717-A(i)(2).  Section 1717-A(i)(2) of the CLS provides:

> In order for a charter school applicant to be eligible to appeal the denial of a charter by the local board of directors, the applicant must obtain the signatures of at least two per centum of the residents of the school district or of one thousand (1,000) residents, whichever is less, who are over eighteen (18) years of age.  For a regional charter school, the applicant must obtain the signatures of at least two per centum of the residents of each school district granting the

BAACS submitted a charter school application to the District on August 6, 2015. Following a public hearing on September 15, 2015, the District denied that application. BAACS filed a revised application, which the District denied on January 27, 2016.

On April 19, 2016, BAACS submitted a petition containing 1587 signatures to the trial court for a determination of sufficiency.[2] The trial court scheduled a hearing on the petition for March 18, 2016. The District filed an answer to the petition on May 16, 2016, along with a motion for a continuance. BAACS did not oppose the motion, and the trial court continued the hearing on three occasions. On September 13, 2016, the District filed a motion for summary judgment and a motion to continue the next scheduled hearing in order for the District to depose affiants who obtained signatures in support of the charter school application.[3] BAACS objected, but, following oral argument, the trial court entered

_____

charter or of one thousand (1,000) residents from each of the school districts granting the charter, whichever is less, who are over eighteen (18) years of age. The signatures shall be obtained within sixty (60) days of the denial of the application by the local board of directors in accordance with clause (3).

24 P.S. §17-1717-A(i)(2).

[2] Section 1717-A(i)(5) of the CSL states: "If the required number of signatures are obtained within sixty (60) days of the denial of the application, the applicant may present the petition to the court of common pleas of the county in which the charter school would be situated. The court shall hold a hearing only on the sufficiency of the petition." 24 P.S. §17-1717-A(i)(5).

[3] Section 1717-A(i)(4) requires that each petition shall be accompanied by the affidavit of a person, not necessarily a signer, setting forth all of the following:
(i) That the affiant is a resident of the school district referred to in the petition.

2

an order on October 13, 2016, allowing an additional 30 days for the completion of discovery. The trial court heard argument again on February 21, 2017, and subsequently determined that BAACS failed to obtain 1,000 valid signatures as required to appeal the denial of its application to the State Charter School Appeal Board (CAB). By order dated March 9, 2017, the trial court granted the District's motion for summary judgment[4] and dismissed BAACS' petition.

---

> (ii) The affiant's residence, giving city, borough or township, with street and number, if any.
>
> (iii) That the signers signed with full knowledge of the purpose of the petition.
>
> (iv) That the signers' respective residence are correctly stated in the petition.
>
> (v) That the signers all reside in the school district.
>
> (vi) That each signer signed on the date set forth opposite the signer's name.
>
> (vii) That to the best of the affiant's knowledge and belief, the signers are residents of the school district.

24 P.S. §17-1717-A(i)(4).

[4] Summary judgment may be granted:

> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

BAACS filed a notice of appeal on April 10, 2017. On April 11, 2017, the trial court issued an order directing BAACS to file a statement of errors complained of on appeal (Statement). Pa.R.A.P. 1925(b). In its Statement, BAACS contended that Section 1717-A(i)(3), requiring that each person signing the petition "shall include … the date of signing," conflicts with Section 1717-A(i)(4) of the CSL, which requires that the circulator swear only that "each signer signed on the date set forth opposite the signers' name." Citing *Capital Academy Charter School v. Harrisburg School District,* 934 A.2d 189 (Pa. Cmwlth. 2007), BAACS asserted that the conflict between these two provisions should be interpreted in light of the purpose of Section 1717-A(i)(3), which is only to demonstrate that public support exists for the charter school within the District. BAACS argued that invalidating certain signatures because the date of the signature was written by the circulator defeats the purpose of the statute and creates an absurd result. Supplemental Reproduced Record (SRR) at 337a-39a.[5]

In its May 10, 2017 opinion, the trial court quoted BAACS' Statement in its entirety and rejected BAACS' contention that the language of Section 1717-A(i)(3) is ambiguous. Based upon the circulator's admission that he, and not the signers, wrote the date of signing on each line of 26 pages of signatures, the trial court held that 512 signatures were invalid.

The trial court concluded that another 52 signatures were invalid because signers at the address of the Hope Rescue Mission were not residents of the

Pa. R.C.P. No. 1035.2.

[5] In its Statement, BAACS notes that it relied on comments made by the trial court during oral argument to "presume[] the [District's motion] was granted because some of the signers of the [petitions] did not physically write the date." SRR at 337a.

District. Relying on an affidavit by District employee Angela Leonti, the trial court also determined that 487 signature lines contain addresses that are not within the District.[6] Accordingly, the trial court concluded that BAACS failed to present the 1000 signatures required to support an appeal to the CAB.

On appeal to this Court,[7] BAACS argues that the trial court erred in invalidating signatures on the basis that the date of signature was written by the circulator. Section 1717-A(i)(3) of the CSL states:

> Each person signing a petition to appeal a denial of a charter…shall declare that he or she is a resident of the school district which denied the charter application *and shall include his or her printed name; signature; address, including city, borough or township, with street and number, if any; and the date of signing*.

24 P.S. § 17-1717-A(i)(3) (emphasis added). BAACS notes that Section 1717-A(i)(4) requires that the circulator swear only that "each signer signed on the date set forth opposite the signers' name," and argues that the two sections of the CSL conflict regarding what information the signer himself must enter.

---

[6] The trial court also found that 26 signature lines are missing information required by the statute or are otherwise illegible, 9 lines contained duplicate entries, and 31 lines are crossed out.

[7] When reviewing the propriety of a trial court's entry of summary judgment, our scope of review is plenary. *Richard Allen Preparatory Charter School v. School District of Philadelphia*, 123 A.3d 1101, 1108 (Pa. Cmwlth. 2015). Summary judgment is appropriate where there is no genuine issue of any essential fact and the moving party is entitled to judgment as a matter of law. *Id.*; Pa. R.C.P. No. 1035.2. We review the record in the light most favorable to the non-moving party, resolving all doubts against the moving party, who bears the burden of proving there is no genuine issue of material fact. *Warner v. Lawrence*, 900 A.2d 980, 983 n.7 (Pa. Cmwlth. 2006). An appellate court will reverse an order granting summary judgment only where there has been an error of law or clear abuse of discretion. *Id.*

This Court addressed the requirements of Section 1717-A(i)(3) in *In re Applicants for Academy of Business and Entrepreneurship Charter School,* (Pa. Cmwlth., No. 1033 C.D. 2016, filed March 21, 2017).[8]  In that case, representatives of a charter school likewise argued that excluding signatures on the ground that the date of signing was entered by someone other than the signer was contrary to the plain language of the CSL and did not further the purpose of the law.

Disagreeing, we first applied plain rules of grammar to conclude that Section 1717-A(i)(3) unambiguously imposes two requirements on each signer: (1) to declare that he or she is a resident of the school district; and (2) to include certain information on the petition.  Observing that the General Assembly used the word "shall" in Section 1717-A(i)(3), we noted that our Supreme Court requires that we interpret the provision as mandatory.[9]  We also distinguished our holding in *Capital Academy*:

> This interpretation is consistent with our holding in *Capital Academy*.  There, we held that a signature to a charter school appeal petition is not rendered invalid under [Section 1717-A(i)(3)] of the CSL when a signer includes "ditto marks" on the petition instead of his or her complete address because no fraud or deceit was alleged against the charter school and the testimony showed that school district understood what the ditto marks were intended to convey. . . .  There was no allegation in *Capital Academy* that the ditto marks were written by anyone other than the signer.  *See id.* (stating that the school district objected

---

[8] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[9] *See Koken v. Reliance Insurance Co.,* 893 A.2d 70, 81 (Pa. 2006) (the Supreme Court has repeatedly recognized that the term *shall* is mandatory for purposes of statutory construction in most contexts, and, specifically, when a statute is unambiguous.)

'because *the signers* used ditto marks for their addresses') (emphasis added). Our interpretation is also consistent with *Capital Academy* in that, like in *Capital Academy*, we do not rely on a provision of the Election Code to interpret the CSL, even if the CSL is very similar in language to the Election Code. Interpretations of the Election Code are often *sui generis*. Therefore, common pleas did not err in striking the 766 signatures to the Petition where someone other than the signer entered the date of signing.

*Academy of Business and Entrepreneurship Charter School*, slip op. at 18. The same factual distinction exists in this case: in contrast to the signers' use of ditto marks in *Capital Academy*, the dates on BAACS' petition were entered by someone other than the signers.

We conclude that the analysis in *In re Applicants for Academy of Business and Entrepreneurship Charter School* is persuasive and we adopt it herein. We hold that Section 1717-A(i)(3) of the CSL unambiguously requires the person signing to list the date of signing on the petition.

BAACS also argues that the trial court erred (1) in granting summary judgment because issues of material fact remain and (2) in holding that signers whose address is the Hope Rescue Mission were not residents of the District. However, the District asserts that BAACS waived these issues on appeal because they were not raised in BAACS' Statement. We agree.

In *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011), our Supreme Court explained:

Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to

7

*ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it . . . . We yet again repeat the principle first stated in [*Commonwealth v. Lord,* 719 A.2d 306, 308 (Pa. 1998),] that must be applied here: '[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) statement]. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived.' 719 A.2d at 309.

*Hill*, 16 A.3d at 494; *In FP Willow Ridge Associates, L.P. v. Allen Township,* 166 A.3d 487, 495 (Pa. Cmwlth. 2017) (appellant waived argument that was not raised in its 1925(b) statement of errors complained of on appeal). Because BAACS did not set forth any additional issues in its Rule 1925(b) Statement, its remaining arguments are waived on appeal. *Hill*; *FP Willow Ridge Associates, L.P.*

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Berks Arts Academy Charter School,   :
   :
               Appellant   :
   :
            v.   : No. 447 C.D. 2017
   :
Board of Directors of Reading School   :
District   :

O R D E R

AND NOW, this 19th day of January, 2018, the order of the Court of Common Pleas of Berks County, dated March 10, 2017, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge